UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CITY LAND PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 21-1947** |
| **DEANNE CRISWELL, ADMINISTRATOR, FEDERAL EMERGENCY MANAGEMENT AGENCY** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] to dismiss or, alternatively, for summary judgment, filed by defendant, Deanne Criswell ("Criswell"), Administrator of the Federal Emergency Management Agency ("FEMA"). Plaintiff, City Land Properties, LLC ("City Land"), opposes[2] the motion. Because the Court lacks subject matter jurisdiction over this action, the Court grants the motion and dismisses it.

### I.

This dispute concerns City Land's request for payment in connection with a policy issued under the National Flood Insurance Program ("NFIP"). City Land owns real property located at 7412 Lakeshore Drive in New Orleans, Louisiana.[3] On October 28, 2020, Hurricane Zeta moved through the New Orleans area, and City Land's real property suffered flood damage.[4]

---

[1] R. Doc. No. 12 (motion); R. Doc. No. 26 (reply memorandum).
[2] R. Doc. No. 17.
[3] R. Doc. No. 23 (defendant's statement of material facts), at 1 ¶ 2; R. Doc. No. 31 (plaintiff's response to defendant's statement of material facts), at 1 ¶ 2.
[4] R. Doc. No. 23, at 1 ¶¶ 1, 3; R. Doc. No. 31 at 1 ¶¶ 1, 3.

At the time of Hurricane Zeta, City Land had a valid Standard Flood Insurance Policy ("SFIP"), bearing policy number RL00054763, which FEMA administered.[5] City Land's SFIP required that City Land submit a proof of loss to FEMA within 60 days after any loss, although this deadline could be waived by FEMA.[6] Without any waiver, City Land's proof of loss submission deadline with respect to the October 28, 2020 flood damage related to Hurricane Zeta was December 27, 2020.[7]

On January 5, 2021—after the submission deadline—City Land submitted an initial proof of loss.[8] On January 14, 2021, FEMA granted a deadline waiver solely for City Land's initial proof of loss, and FEMA paid $148,252.62, which was the total amount requested by City Land in its initial proof of loss.[9] However, FEMA did not issue an "across-the-board" deadline waiver granting all Hurricane Zeta claimants additional time to file proofs of loss, as FEMA has done after other hurricane disasters.[10]

City Land maintains that it later realized that its insured property suffered more extensive flood damage than City Land initially believed.[11] On October 22, 2021, City Land submitted a supplemental proof of loss.[12] City Land also filed this action on the same date that it transmitted its supplemental proof of loss.[13] The

---

[5] R. Doc. No. 23, at 1 ¶ 4; R. Doc. No. 31 at 1 ¶ 4.
[6] R. Doc. No. 23, at 1 ¶ 5; R. Doc. No. 31 at 1 ¶ 5.
[7] R. Doc. No. 23, at 1 ¶ 6; R. Doc. No. 31 at 1 ¶ 6.
[8] R. Doc. No. 23, at 2 ¶ 9; R. Doc. No. 31 at 2 ¶¶ 9.
[9] R. Doc. No. 23, at 2 ¶ 10; R. Doc. No. 31 at 2 ¶ 10.
[10] R. Doc. No. 23, at 2 ¶ 7; R. Doc. No. 31 at 1 ¶ 7.
[11] R. Doc. No. 17, at 3.
[12] R. Doc. No. 17, at 3; R. Doc. No. 31 at 2 ¶ 11.
[13] R. Doc. No. 1; R. Doc. No. 17, at 3; R. Doc. No. 31, at 2 ¶ 11.

2

parties' arguments indicate that FEMA has not taken any action on the supplemental proof of loss—either to approve or deny it, or waive the deadline for the claim—and there is nothing in the record affirmatively indicating whether FEMA may approve the supplemental proof of loss.[14]

FEMA moved to dismiss City Land's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that City Land failed to timely submit its October 22, 2021 supplemental proof of loss.[15] In the alternative, FEMA moved for the entry of summary judgment on the same basis pursuant to Rule 56.[16]

City Land responds that FEMA's actions were arbitrary and capricious in failing to issue an extension for all Hurricane Zeta claimants to submit what would otherwise be tardy proofs of loss.[17] City Land also argues that certain factual disputes preclude the entry of summary judgment.[18] Lastly, City Land argues that the Court should stay this matter, pursuant to 42 U.S.C. § 4072, because FEMA has not yet taken any action on the October 22, 2021 supplemental proof of loss.[19] In considering City Land's argument for a stay, the Court ascertained that it lacks subject matter jurisdiction for the reasons explained below.

---

[14] R. Doc. No. 17, at 9; R. Doc. No. 26, at 6–7. On May 23, 2022, the Court held a telephone status conference with counsel for all parties participating. *See* R. Doc. No. 33. FEMA's counsel indicated that the agency may ultimately approve or deny the supplemental proof of loss, but counsel cautioned that counsel did not know what action, if any, FEMA might take.
[15] R. Doc. No. 12-1, at 6–7.
[16] *Id.*
[17] R. Doc. No. 17, at 5–8.
[18] *Id.* at 8–9.
[19] *Id.* at 9.

3

## II.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, when "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, "a court must consider the existence of subject matter jurisdiction on its own motion." *F.D.I.C. v. Loyd*, 955 F.2d 316, 323 (5th Cir. 1992) (quoting *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir.1990)). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)).

When resolving a question of subject matter jurisdiction, the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Huff v. Neal,* 555 F. App'x. 289, 296 (5th Cir. 2014) (citing *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)).

The burden of demonstrating subject matter jurisdiction is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* Lack of subject matter jurisdiction should be found "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

When "a complaint could be dismissed for both lack of jurisdiction and failure to state a claim, 'the court should dismiss only on the jurisdictional ground … without reaching the question of failure to state a claim under [Rule] 12(b)(6).'" *Crenshaw-Logal v. City of Abilene*, 436 F. App'x. 306, 308 (5th Cir. 2011) (quoting *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This practice prevents "courts without jurisdiction 'from prematurely dismissing a case with prejudice.'" *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III.

### A.

Sovereign immunity bears on a court's subject matter jurisdiction. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n. 8 (5th Cir. 2002); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity removes jurisdiction because "the United States may not be sued without its consent and … the existence of consent is a prerequisite for jurisdiction.") (citation omitted). Courts should *sua sponte* dismiss for lack of subject matter jurisdiction if a claim is precluded by sovereign immunity. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).

"The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury[.]'" *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 407 (5th Cir. 2013) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)).

With respect to the instant insurance dispute, FEMA enjoys sovereign immunity because "payments on SFIP claims are a direct charge on the United States

Treasury." *US ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 374 (5th Cir. 2009) (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005)); *see also Nguyen v. Tex. Farmers Ins. Co.,* No. 21-40266, 2021 WL 5579268, at *1 (5th Cir. 2021) (holding that a suit regarding non-payment of an untimely proof of loss under an SFIP "implicate[s] sovereign immunity" (citation omitted)). Accordingly, "[a]bsent an express waiver of sovereign immunity, [this] court does not have jurisdiction to adjudicate claims against [FEMA]." *Carmouche v. Nat'l Flood Ins. Program*, No. 17-11479, 2018 WL 5279121, at *2 (E.D. La. Oct. 24, 2018) (Vance, J.) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

**B.**

The Supreme Court has held "on many occasions that a waiver of [federal] sovereign immunity must be 'unequivocally expressed' in statutory text" and must be "clearly evident from the language of the statute." *F.A.A. v. Cooper*, 566 U.S. 284, 290 (2012) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Therefore, "[a]ny ambiguities in the statutory language are to be construed in favor of immunity." *Id.* (citing *United States v. William*s, 514 U.S. 527, 531 (1995)).

Title 42, United States Code § 4072 "provides exclusive federal jurisdiction over litigation arising out of the NFIP." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015). That statute provides:

> *[U]pon the disallowance* by the Administrator of any such [flood insurance] claim*, or upon the refusal of the claimant to accept the amount allowed* upon any such claim, the claimant, *within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action* against the Administrator on such claim in the United States district court for the district in which

6

>the insured property or the major part thereof shall have been situated, and *original exclusive jurisdiction is hereby conferred upon such court.*

42 U.S.C. § 4072 (emphasis added). Because waivers of sovereign immunity are strictly construed, this statute should be read narrowly with respect to "*when* a policyholder may bring suit." *Cohen v. Allstate Ins. Co.*, 924 F.3d 776, 780 (5th Cir. 2019) (emphasis in original) (quoting *Migliaro v. Fid. Nat'l Indem. Ins. Co.*, 880 F.3d 660, 667 (3d Cir. 2018)).

A strict reading of the statute makes clear that "Congress waived federal sovereign immunity only when (1) FEMA disallows a party's flood insurance claim or (2) a party refuses to accept the amount allowed … in the event of a partial disallowance." *Carmouche*, 2018 WL 5279121, at *3; *see also Cohen*, 924 F.3d at 780 ("Strictly construed, 42 U.S.C. § 4072 provides a limited right to sue upon … the complete or partial denial of a claim."); *see also Downey v. State Farm Fire & Cas. Co.*, 276 F.3d 243, 244 (7th Cir. 2001) (stating that a plaintiff may file an action pursuant to 42 U.S.C. § 4072 "only when the Director has disallowed a claim").

The parties do not dispute that FEMA has not completely or partially disallowed any claim submitted by City Land.[20] Therefore, the limited waiver of sovereign immunity set forth in 42 U.S.C. § 4072 has not been triggered. As previously noted, FEMA granted the entire $148,252.62 amount requested in City

---

[20] R. Doc. No. 23, at 2 ¶10; R. Doc. No. 31, at 2 ¶ 10–11; R. Doc. No. 17, at 3 ("To date, City Land has not received notice of disallowance or partial disallowance by [FEMA's] Administrator of the claim reflected in City Land's Amended Proof of Loss."). Indeed, City Land recognizes that its "suit is arguably premature" because "neither of these events [set forth in 42 U.S.C. § 4072] have occurred yet in this case." *Id.* at 9.

Land's initial proof of loss.[21]  The total payment of the requested amount is not a complete or partial disallowance pursuant to 42 U.S.C. § 4072, and FEMA has not yet taken any action on City Land's supplemental proof of loss.[22]

Overall, City Land "do[es] not dispute that [it] (1) did not refuse FEMA's payments under the first proof of loss, or (2) that [it] did not receive a denial of their second proof of loss," which means that City Land has "no right to bring a claim under the [National Flood Insurance Act]." *Muse v. Nat'l Flood Ins. Program*, 2019 WL 968371, at *2 (E.D. La. Feb. 28, 2019) (Vance, J.).  In this posture, the Court does not have subject matter jurisdiction with respect to this action, and the Court must grant FEMA's motion to dismiss.[23]  Further, with respect to City Land's argument requesting a stay, without subject matter jurisdiction, the Court cannot stay this case.  *Carver*, 18 F.4th at 497 ("Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining to the court is that of announcing the fact and dismissing the cause*.") (emphasis added) (citation omitted).[24]

---

[21] R. Doc. No. 23, at 2 ¶ 10; R. Doc. No. 31 at 2 ¶ 10.
[22] R. Doc. No. 17, at 3.
[23] FEMA did not explicitly raise sovereign immunity as a defense.  *See* R. Doc. No. 26, at 3 (noting, for the first time in FEMA's reply memorandum, that the Administrative Procedure Act "does not waive sovereign immunity in suits seeking money damages against the federal government."). Nevertheless, "[i]t has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress." *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947); *United States v. $4,480,466.16 in Funds Seized from Bank of America*, 942 F.3d 655, 663 (5th Cir. 2019) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed,' and any waiver 'will be strictly construed, in terms of its scope, in favor of the sovereign.'").
[24] *Gonzalez v. Manjarez*, 558 F. App'x 350, 354 n.7 (5th Cir. 2014) ("In light of our finding that the district court did not have jurisdiction to consider Gonzalez's *Bivens*

8

## C.

City Land also argues that FEMA violated the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 500 *et seq.*, by arbitrarily and capriciously deciding not to issue a blanket proof of loss submission deadline waiver for all claimants following Hurricane Zeta.[25] This argument fails to establish subject matter jurisdiction.

The APA explicitly states that it does not "affect[] other limitations on judicial review or the power or duty of the court to dismiss any action" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief." 5 U.S.C. § 702. In other words, the APA does not apply when "statutes preclude judicial review." 5 U.S.C. § 701(a)(1); *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (noting that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures") (citation omitted).

As previously mentioned, 42 U.S.C. § 4072 "provides exclusive federal jurisdiction over litigation arising out of the NFIP." *Ferraro*, 796 F.3d at 531. This exclusive grant of jurisdiction means that City Land's claim is not cognizable under the APA. *Muse*, 2019 WL 968371, at *2; *see also Carmouche*, 2018 WL 5279121, at *5; *Loolara v. Nat. Flood Ins. Program*, 551 F. Supp. 3d 626, 635 (M.D. La. 2021)

---

claim, we also conclude the district court did not err in denying his motion to stay."); *Gregory v. Mitchell*, 634 F.2d 199, 204 n.2 (5th Cir. 1981) ("Since it appears that the Court lacks jurisdiction, the action must be dismissed immediately. The Court cannot hold the matter in abeyance pending prosecution of the administrative remedy, because where the Court does not have jurisdiction, it cannot retain jurisdiction.") (quoting *Fuller v. Daniel*, 438 F. Supp. 928, 930 (N.D. Ala. 1977)).
[25] R. Doc. No. 17, at 5-8.

9

(dismissing claims brought pursuant to the APA). Accordingly, City Land's APA argument cannot independently establish subject matter jurisdiction.[26]

### IV.

For all the foregoing reasons,

**IT IS ORDERED** that FEMA's motion[27] to dismiss is **GRANTED**. City Land's complaint is **DISMISSED WITHOUT PREJUDICE**.[28]

New Orleans, Louisiana, June 13, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[26] FEMA suggests that City Land implicitly seeks mandamus relief. *See* R. Doc. No. 26, at 4. First, City Land has not argued that it seeks such relief. *See* R. Doc. No. 17, at 4–9. Second, "mandamus jurisdiction exists only if no other adequate remedy is available to a plaintiff." *Carmouche*, 2018 WL 5279121, at *5 (citing *Newsome v. Equal Emp't Opportunity Comm'n*, 301 F.3d 227, 231 (5th Cir. 2002)). Here, "[City Land] has an adequate alternative remedy under FEMA's ordinary administrative procedures," which is to "wait for FEMA to adjudicate [their] second claim, and then bring an action pursuant to [42 U.S.C. § 4072] if FEMA disallows all or part of that claim," meaning that "[m]andamus therefore does not provide a basis for jurisdiction." *Id.; see also Muse*, 2019 WL 968371, at *2–3; *Loolara*, 551 F. Supp. 3d at 635.

[27] R. Doc. No. 12.

[28] *Block v. Texas Bd. of Law Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020) ("[c]laims barred by sovereign immunity are dismissed without prejudice, not with prejudice") (citation omitted).